## MARIANNE WINTERS *v.* ROBERT J. WINTERS
### (3490)

SPALLONE, DALY and HENDEL, Js.

Argued November 20, 1985—decision released January 21, 1986

*Robert J. Winters,* pro se, the appellant (defendant).

*Linda C. Klatt,* for the appellee (plaintiff).

PER CURIAM. In this appeal from a judgment dissolving the marriage of the parties, the defendant, who represents himself on appeal, challenges the trial court's division of assets and its award of alimony. The defendant also claims that he was inadequately represented by his trial counsel.

Appellate review of " 'a trial court's exercise of its broad discretion in domestic relations cases is limited to the questions of whether the [trial] court correctly applied the law and could reasonably have concluded as it did.' " *Holley* v. *Holley,* 194 Conn. 25, 29, 478 A.2d 1000 (1984) (brackets in original), quoting *Beede* v. *Beede,* 186 Conn. 191, 194, 440 A.2d 283 (1982). A review of the record reveals that the plaintiff's testimony provided sufficient evidence to support the factual findings set out in the trial court's memorandum of decision. The trial court, as the finder of fact, was free to reject contrary evidence. *Smith* v. *Smith,* 183 Conn. 121, 123, 438 A.2d 842 (1981). We conclude that the division of assets and the award of alimony chal-

lenged by the defendant were made in accordance with law and were amply supported by the evidence. *Bratz* v. *Bratz,* 4 Conn. App. 504, 507–508, 495 A.2d 292 (1985).

The right to effective assistance of counsel is guaranteed to a defendant in a criminal proceeding under the sixth and fourteenth amendments to the United States Constitution and article first, § 8 of the Connecticut constitution. *Siemon* v. *Stoughton,* 184 Conn. 547, 554, 440 A.2d 210 (1981). No such right is guaranteed to a defendant in a civil proceeding.

There is no error.