[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the defendant Board which revoked the nursing license of the plaintiff effective August 15, 1989. She alleges to be aggrieved in that: (1) there was insufficient evidence upon which the Board acted; (2) the action was taken prior to the conclusion of pending criminal charges; (3) the plaintiff was inadequately represented; and (4) pertinent evidence concerning material facts was not submitted in plaintiff's defense.
The record discloses that the plaintiff, who had been issued a Connecticut Licensed Practical Nurse license in 1969, had that license revoked by the defendant Board by a decision dated June 22, 1989 concerning her alleged activities while employed at the UCONN Health Center from 1982 and in 1988. That decision had been rendered after a hearing before said Board on April 5, 1989 and May 24, 1989 on a statement of charges dated January 31, 1989 brought by the defendant Department. The Board, in its decision, made findings that the plaintiff violated G.S. 20-99 (b)(2), 20-99
(b)(4) and 20-99 (b)(6) as set forth in the statement of charges an for each charge made specific references to the evidence which supported the decision. All members of the Board were present at the vote on the findings and decision and all voted in favor with two abstentions. Those who voted attested that they had reviewed the record and that the decision was based entirely on the record and the evaluation of the evidence. From this decision the plaintiff moved to have the Board reconsider based on (1) the CT Page 1072 calling of other LPN's employed at UCONN and a pharmacist also employed at the Health Center who would purportedly testify concerning the informality of the procedures and record-keeping of medications and the history of missing medications, (2) the subpoenaing of patient log, medical records and the patient's activity chart to confirm the informality of policy and procedure as to medication; (3) to contest the vote of two members who left the room during the hearing; and (4) to contest that the plaintiff was the only person who had access consistently to the medications missing. The Board notified the plaintiff on August 14, 1989 that her motion for reconsideration was denied.
 I.
Judicial review of an agency's action is governed by the Uniform Administrative Procedure Act. The court may not retry the case or substitute its judgment for that of the agency. Its duty is to decide, whether in the light of the evidence, the agency acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Board of Education v. Freedom of Information Commission, 208 Conn. 442 452. The evidence produced before the Board indicated that in May, 1988 an investigation for possible theft of narcotics was initiated because of missing and unaccounted narcotics. Because of the location of the losses and the work schedule and location of the plaintiff's work and her assignments, the plaintiff became suspect. On July 9, 1988 a vide surveillance was made at the location of the losses for a 24 hour period. During the period the plaintiff's transactions were professionally interpreted as unusual and suspicious by virtue of the frequency with which narcotics were removed, the removal of the book containing the proof of use sheets and the amount of time to complete the transaction. On July 15, 1988, an inventory of the cabinet was made and both a video and visual surveillance set up. During this period the plaintiff went to the cabinet, withdrew medication and upon being accosted, went to the women's bathroom where she was seen carrying a blue Kleenex box. Upon being accosted in the bathroom, she was leaving a stall after flushing the toilet. A blue Kleenex box containing the missing narcotics was found in the bathroom from which the plaintiff had just left. The proof of use sheets were missing for this large amount of narcotics. From this evidence, it was reasonable for the Board to conclude that the plaintiff violated G.S. 20-99 (b)(2), 20-99 (b)(4) and 20-99 (b)(6) by diverting controlled substance while working as a licensed practical nurse at UCONN Health Center, by diverting one or more proof of use sheets of narcotics, and by her failure to completely or accurately document such narcotics in medical or hospital records, respectively on July 15, 1988 and on various divers days prior thereto.
The Board also received evidence that the plaintiff's husband CT Page 1073 had disposed of a large garbage bag containing controlled substances, some of which were identified as having come from UCONN Health Center in 1982, 1983 or 1984 and were present with prescriptions for the plaintiff's daughter. The plaintiff had been working at the Health Center during that period with access to said controlled substances. It was therefore reasonable to conclude the the plaintiff diverted said substances during that period in violation of G.S. 20-99 (b)(2).
 II.
Although the plaintiff has alleged as a ground for aggrievement that the administrative proceedings have been taken prior to the conclusion of pending criminal charges, she has neither briefed said claim nor produced any authority for it and therefore has demonstrated no compelling circumstance proving a deprivation of any constitutional right. Griffin v. Muzio, 10 Conn. App. 90, 94.
 III.
Although this court finds, after a review of the record, that counsel for the plaintiff provided a very effective representation during the two days of hearing, the claim of the plaintiff that his representation was inadequate is without merit. There is no such right guaranteed to a defendant in a civil proceeding. Winters v. Winters, 6 Conn. App. 83, 84.
 IV.
It can only be assumed that the "pertinent evidence concerning material facts not submitted in plaintiff's defense" was the presentation of testimony from other LPN's and a pharmacist as to inadequate record-keeping of medications and a history of missing medication, along with the patients' records to show the informality of such policy and procedure as identified in her motion for reconsideration. Even if successful in showing such laxity, the plaintiff would not be excused from activity in diverting narcotics and proof of use sheets or failure to keep complete and accurate medical records as required by statute.
 V.
The plaintiff has included in her brief several other matters which have not been adequately pleaded such as a request for sequestration of witnesses, a claim of warrantless search, a claim that she was not on duty on days when narcotics were alleged to have been missing, lack of employer's proper control of narcotics, the editing of the videotape, failure to show actual possession by the plaintiff of the narcotics in question, the failure to produce her fingerprints on the box, and her husband's CT Page 1074 statement being made under duress. Even if successfully pleaded, none of such claims would change the result.
 VI.
Finally, the plaintiff claims that the decision was made by members who were not present during all of the hearings and therefore that a quorum was lacking. Constitutional due process is satisfied when everyone who votes has either attended the hearing or read the record. Pet v. Department of Health Services,207 Conn. 346, 362. The plaintiff herein has not carried the burden to overcome that statement in the Board's decision that each member who voted reviewed the record.
As stated above, the plaintiff having failed to sustain any of her claims of error, the court dismisses her appeal.
Corrigan, J.