[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Shirley Brandon appeals the decision of the defendant Department of Human Resources which revoked her family day care home license. The Department acted pursuant to General Statutes 17-588 and Regulations of State Agencies 17-31q et seq. The plaintiff's appeal is authorized by General Statutes 17-604(b) and 4-183. The court finds the issues in favor of the defendant Department.
Prior to taking action, the Department held a hearing at the plaintiff's request. Certain essential facts are not disputed. The plaintiff operated a family day care home under a registration granted by the Department. In March 1992, a representative of the Department went to the plaintiff's establishment for the purpose of making an unannounced inspection pursuant to Department regulations. The representative subsequently testified at the Department hearing and submitted his written report that the plaintiff refused to permit him access to the home. There was no evidence at the hearing which contradicted the Department's allegations in this regard.
Regulations of State Agencies 17-31q provides that operators of day care homes must consent to unannounced inspections by the Department. In particular, they must permit Department representatives to enter and inspect their homes during normal business hours. That regulation and General Statutes 17-588 provide that an operator's failure to comply with the inspection requirement is sufficient cause for revocation of the operator's license.
Following the hearing, the Department issued its final decision finding that the plaintiff had failed to comply with the applicable regulations in that she refused to permit the required inspection. On that basis, the Department revoked her license. CT Page 2996
In her brief, the plaintiff advances two bases for her appeal: (1) she was ineffectively represented by counsel at the hearing; and (2) the Department's decision was issued untimely.
The substance of the plaintiff's ineffective assistance of counsel claim is that her attorney negligently failed to question the plaintiff at the administrative hearing concerning her alleged refusal to allow the inspector to enter her home. This claim cannot be sustained. As the Department points out in one of its briefs, there is no right to effective assistance of counsel in a civil proceeding. Winters v. Winters, 6 Conn. App. 83, 84 (1986).
The plaintiff's claim relating to the issuance of the Department's decision is based on the Department's admitted violation of General Statutes 17-604. That statute, in pertinent part, provides as follows:
 Not later than ninety days after a hearing held pursuant to section 17-603, the commissioner of human resources or his designated hearing officer shall render a final decision . . . provided final definitive administrative action shall be taken by the commissioner or his designee within one hundred twenty days after the request of such hearing pursuant to section 17-603.
In this case, the final decision was not rendered until one hundred sixteen days after the hearing and one hundred fifty-two days after the hearing request.
The plaintiff argues that the statutory time limit for rendering the final decision is mandatory and that failure to comply invalidates the decision. Although not cited by the plaintiff in her brief, support for her position is found in Statewide Grievance Committee v. Rozbicki, 211 Conn. 232
(1989), where the court held that similar statutory language ("shall . . . render its proposed decision not later than ninety days from the date the panel's determination of probable cause . . . was filed") is plain and unambiguous and mandatory. Id. 240.
The defendant Department argues, on the other hand, that the language in 17-604 is merely directory and that CT Page 2997 failure to comply is not fatal to the validity of the Department's decision. In support, the Department cites Tramontano v. Dilieto, 192 Conn. 426 (1984). In that case, the court found that similar language in the New Haven charter (the board of finance proposal "shall be submitted to the board of aldermen on or before the third Monday of April") is "merely directory" and failure to comply does not invalidate an untimely proposal. Id. 432-434.
The different interpretations given by the supreme court to similar statutory language in the Statewide Grievance Committee and Tramontano cases seem squarely, if not hopelessly, in conflict. Other considerations in this case, however, persuade this court to adopt the literal approach followed in Statewide Grievance Committee v. Rozbicki, supra, and to conclude that the language in 17-604 creates a mandatory timetable for issuance of a decision by the Department.
Although the court in Statewide Grievance Committee v. Rozbicki held that the statutory timetable in that case was mandatory, it did not hold that failure to comply automatically invalidated the untimely action. Rather, the court held that the panel's failure to meet the deadline triggered another provision of the statute, which required the grievance committee to "inquire into the delay and determine the appropriate course of action." Id. 240-241. See General Statutes (Rev. to 1987) 51-90g(c). Similarly, in the present case, a licensee, like the plaintiff, may invoke another statutory provision when the mandatory provisions of 17-604 are violated. This is General Statutes 4-180. In relevant part, it provides as follows:
 (a) Each agency shall proceed with reasonable dispatch to conclude any matter pending before it and, in all contested cases, shall render a final decision within ninety days following the close of evidence or the due date for the filing of briefs, whichever is later, in such proceedings.
 (b) If any agency fails to comply with the provisions of subsection (a) of this section in any contested case, any party thereto may apply to the superior court for the judicial district of Hartford-New Britain for an order requiring the agency to CT Page 2998 render a final decision forthwith. The court, after hearing, shall issue an appropriate order.
The above provisions of 4-180 reinforce the court's conclusion that 17-604 establishes a mandatory timetable. The two statutes not only require an agency to render its final decision within ninety days after the hearing, they also provide a means of enforcing the mandatory timetable by court order. As in Statewide Grievance Committee v. Rozbicki, however, the statutory scheme does not invalidate an agency's decision merely because it is rendered after the deadline. Instead, 4-180 provides the appropriate remedy for any party who wishes to enforce the timetable.
In summary, this court concludes (1) that the provisions of 17-604 relating to the time for rendering a Department decision are mandatory; (2) that the provisions of4-180 provide the appropriate enforcement mechanism; and (3) the failure of the Department to comply with the timetable mandated by 17-604 does not automatically invalidate a decision which is untimely rendered.
In the present case, the Department's decision is not invalid merely because it was rendered after the mandatory deadline. The plaintiff could have applied to the court, pursuant to 4-180, for an "appropriate order" under that section. Her failure to do so leaves the Department's decision intact.
The plaintiff has asserted no other reasons for reversing the Department's decision, and, pursuant to 4-183, it must be affirmed.
The appeal is dismissed.
Maloney, J. CT Page 2999