[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Commissioner of Human Resources moves to dismiss the plaintiff's appeal. The basis of the motion is that the plaintiff unjustifiably refused to appear at the Department fair hearing that she had requested and, therefore, has failed to exhaust her administrative remedies. The court agrees.
On August 26, 1992, the Deputy Commissioner of Human Resources, in behalf of the Commissioner, notified the plaintiff that the Department proposed to revoke her Family Day Care Home Registration. The notice, in the form of a letter, charged the plaintiff with the violation of three departmental regulations and set forth specific factual allegations on which the violations were based. These included the allegations that the plaintiff had failed to notify the Department that she had been investigated by the Department of Children and Youth Services (DCYS) in a matter involving her own child, during the time when she was operating the day care center, and that DCYS had made an "at risk" finding. The Deputy Commissioner's letter also alleged, as grounds for revoking the plaintiff's registration, that a new addition to her household was an individual with history of criminal convictions "that renders your household CT Page 5431 unsuitable as a family day care home pursuant to Regulation Section 17-31g-16(b)."
After receiving the notification proposing to revoke her registration, the plaintiff sought to obtain from DCYS and the Department of Human Resources the DCYS records concerning her case, but without success. The Department offered the plaintiff a "compliance meeting" and advised her of a right to a fair hearing. On October 22, 1992, the plaintiff requested a fair hearing on the proposed revocation of her registration.
On November 16, 1992, the Department notified the plaintiff that it would hold the fair hearing on November 30. On November 24, the Department telephoned the plaintiff to reschedule the fair hearing, and the plaintiff agreed to a new date, December 8 at 9:00 A.M. This was confirmed by a new notice of hearing.
On November 25, 1992, the plaintiff wrote the Department again seeking a copy of the DCYS report as well as Department "standards" concerning household members. The Department did not provide the requested material.
On December 7, the day before the hearing, the plaintiff called the Department and stated that she would not attend the fair hearing because the Department had not given her a copy of the DCYS report. On December 8, the day of the hearing, the plaintiff again called the Department to say that she would not attend. The Department hearing officer urged her to attend and offered to delay the hearing until 9:30 A.M. The plaintiff refused, however, and never did attend.
On December 8, 1992, the Department issued a notice stating that the plaintiff's request for a fair hearing had been dismissed on that day because she had failed to attend "without good cause."
On December 18, 1992, the plaintiff, through her newly retained attorney, requested reconsideration of the dismissal. On December 22, the hearing officer denied the request.
A party must exhaust all administrative remedies before CT Page 5432 appealing a decision of the Commissioner to this court. General Statutes 4-183(a); Pet v. Department of Health Services, 207 Conn. 346 (1988). In this case, General Statutes 17-586(c) provides a fair hearing by the Department as an administrative remedy.
The plaintiff raises three arguments in opposition to the defendant's motion. First, she claims that she had a right to receive a copy of the DCYS report before the fair hearing so that she could be better prepared to meet the Department's allegations. In this regard, she cites4-177c. Secondly, she claims that the failure to provide the DCYS material in advance of the hearing resulted in inadequate notice of the charges against her. Third, she argues that she acted without the advice of counsel and, therefore, her nonappearance at the hearing was not "wilful."
With regard to any rights under 4-177c to receive a copy of the DCYS report that was in the possession of the Department of Human Resources, the plaintiff forfeited her opportunity to pursue any such rights when she refused to attend the hearing. "The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. Most important, a favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." Pet v. Dept. of Health Services, supra, 350-352. (Citations and internal quotation marks omitted).
In this case, the plaintiff rejected the statutory administrative procedure in advance, without subjecting her claims to adjudication by the agency. The exhaustion doctrine clearly prohibits such a tactic, and it is immaterial that the plaintiff's specific complaint involved prehearing discovery. Pet, supra, 356-361.
With respect to notice, the original notification of the proposed revocation, including the statement of charges, as CT Page 5433 summarized above, clearly satisfies the requirements of4-177(b).
Finally, the plaintiff's argument that she was unrepresented by counsel when she made the decision not to attend the fair hearing has no basis in the law. of course, she had the right and opportunity to consult counsel at all times. There is, however, no statutory or constitutional requirement that a party to an administrative or other civil proceeding be represented by counsel. Winters v. Winters, 6 Conn. App. 83,84 (1986).
By failing to attend the hearing, the plaintiff did not exhaust her administrative remedies, and the court, therefore, lacks subject matter jurisdiction. LaCroix v. Board of Education, 199 Conn. 70 (1986); Pet v. Department of Health Services, supra.
The motion to dismiss is granted.
Maloney, J.