[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action for custody, support of minor children and a division of property involves an unmarried couple who are the parents of two minor children.
The parties are in agreement on the issues of custody and support. What remains to be resolved are disputed claims regarding the ownership of three motor vehicles and items of household furniture and furnishings, the net proceeds of the sales of a home in Porto [Puerto] Rico, and responsibility for various credit card debts and other liabilities incurred by plaintiff during the course of his relationship with the defendant. A brief account of the events leading to this hearing is in order.
The plaintiff father began living with the defendant mother and her three daughters from a prior relationship in New York City in 1977. In 1982 the parties, together with their two daughters born of this union, moved to Porto [Puerto] Rico. Thereafter they purchased a home in Mayaquez, P.R. from defendant's parents for $25,000. Plaintiff returned to Hartford, CT in 1983 with defendant and the children following two years thereafter. The home, title to which was apparently in defendant's name, was later sold in 1990. The source of funds constituting the purchase price for the family home and the manner of distribution of the proceeds resulting from its subsequent sale are in dispute.
Plaintiff claims that the purchase price for the family home was paid in part with $10,000 in joint funds withdrawn from Mechanics Savings Bank, partly with proceeds obtained through the settlement of an accident claim of defendant, the CT Page 10636 balance of $5,000 being loaned to the parties by defendant's father.
Defendant in turn testified that the $25,000 purchase price was obtained from the following: a) $4,000 of her savings; b) $12,000 obtained from the settlement of her accident claim; c) $4,000 loaned by her brother, d) $5,000 loaned by her father. Defendant emphatically stated that plaintiff provided no money for their home, didn't want her to buy it, that after it was sold in 1990 for $28,000 she gave plaintiff $5,000 for his debts, paid back her brother and father, spent the balance for family purposes, and lost money on the transaction.
The second issue concerns a 1987 Chevrolet Blazer valued at $10,000 and a 1991 Toyota Camry valued at $16,000 with a loan balance of $14,000 and an equity of $2,000, both vehicles being owned solely by defendant.
Plaintiff testified that the Blazer was purchased in 1989 for $21,000, that he traded in a 1982 Datsun as part of the purchase price and that there was no outstanding balance. He later testified that he paid $3,000 toward the Blazer.
Defendant for her part stated as follows "I received $5,000 for a car that burned. I used that as partial payment for the Blazer and financed the balance. When we split up in June, 1992 he wanted a truck. I gave him $2,000 in June for a truck and in July I gave him $4,000 for his share of the Blazer." On that subject defendant further added "My Blazer was vandalized five times after he left me. Once I saw him leaving the area and I found my car later tied to a tree with four flat tires."
Concerning the Toyota Camry, defendant mentioned that the finance loan was originally in both names but that she later had the note changed to her name alone at plaintiff's request.
The final issue to be resolved concerns responsibility for credit card and other debts incurred by plaintiff while he and defendant were together. The creditors, amount and subject of the debts as explained by plaintiff are as follows:
Creditor Amount of Debt Subject of Debt CT Page 10637
Ford Motor $12,000 Plaintiff's 1992 Ford People's Sav. Bank $ 2,500 Computer, furniture Discovery 2,500 Family trip to Florida Sears 1,500 Refrigerator, stove Bank of N.Y. 1,500 Furniture Mastercard 1,500 Furniture Chase Manhattan 2,440 Defendant's needs P.F. Collier 737 Encyclopedia Citibank 3,500 ? Chase Visa 6,000 ? J.C. Penney 100 ? Caldor 200 ? Fleet Mastercard 1,500 ? ------ TOTAL $35,977
The Citibank credit card is in the joint names of the parties. All remaining debts are in plaintiff's name alone.
With reference to the above debts, plaintiff contends that all except the Ford balance are the joint responsibility of the parties. Defendant testified as follows on this subject "He had all the credit cards in 1978 when I met him. He'd buy for all of his family, and they wouldn't pay him back. In 1985 he bought a stove, refrigerator and other items for his daughter (by a previous relationship). I have my own credit cards in my own name. He can have the encyclopedias back. A lot of these debts are interest. I did get the refrigerator which is part of the Sears debt."
The paramount issue in this controversy concerns the credibility of the parties. In this regard the following principles of the law of evidence are noted: "The trier of the facts determinates with finality the credibility of witnesses and the weight to be accorded to their testimony." State v. Crump, 201 Conn. 489, 491 (1986).
"The resolution of conflicting testimony is within the exclusive province of the trial court." Gaynor-Stafford Industries, Inc. v. Water Pollution Central Authority,192 Conn. 638, 647 (1984).
"The trial court, as the finder of fact (is) free to reject contrary evidence." Marriane Winters v. Robert J. Winters, 6 Conn. App. 83 (1985). CT Page 10638
With these precepts in mind this court has reviewed and weighed the testimony of the parties and has examined their exhibits. It finds the testimony of the defendant on all of the issues before this court to be the more credible and persuasive. Its conclusions on all the evidence are as follows:
Custody
Custody of the two minor children of the parties, i.e. Ana Perez Rodriguez and Ramon Perez Rodriguez is awarded to defendant. Plaintiff shall have reasonable rights of visitation.
Support
Plaintiff is ordered to pay as support for said two minor children the total sum of $125 per week. This amount is within the family support guidelines. An immediate wage garnishment may issue.
Division of Property
It is ordered that each party shall have sole title to and possession of all personal property, including but not limited to motor vehicle, listed on his or her financial affidavit, to the complete and total exclusion of any claim thereon by the other party.
Liabilities
It is determined that the various liabilities recorded on plaintiff's financial affidavit are his sole and exclusive responsibility, that defendant is not liable for any portion of the same, and that, if the occasion arises, the plaintiff shall hold the defendant harmless therefor. In turn defendant shall be solely liable for all debts on her financial affidavit and shall hold plaintiff harmless therefor.
By the Court
John D. Brennan State Judge Referee CT Page 10639