[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FORSANCTIONS
The defendant has moved for sanctions for plaintiff's failure to answer a question at her deposition held on July 18, 1994. The deposition was duly noticed. No protective order was sought by the plaintiff to preclude inquiry into any area of questioning. Pursuant to stipulation entered on the record at the commencement of the deposition, all objections except as to form were reserved until the time of trial. The deposition was noticed in accordance with § 243 et. seq. of the Practice Book.
The following questions answers and colloquy between counsel occurred at the deposition:
Defendant's counsel questioning:
 "What is it you want from this divorce other than a divorce?"
A: "Could I speak with [counsel] on that?"
Plaintiff's counsel then answered: "Yes."
Counsel for defendant then stated to plaintiff:
"I'd like you to answer the question."
Plaintiff's counsel then stated:
 "She has a question, I'd like to adjourn for five minutes. And do not answer until we speak."
Counsel for defendant then stated:
 "I'd like the answer from you. If you're refusing to answer the question, I'll never ask you the question a second time, Mrs. Thomson, because the answer you give will be your lawyer's answer. And by the way, if you do talk to him as a result of this, it will be on the record. That's fine; you're CT Page 10925 entitled to do that."
Counsel for the defendant then addressed counsel for the plaintiff:
"Don't interfere again."
Counsel for the plaintiff:
 "I'm not interfering. She has a right to counsel if she seeks it."
Counsel for the defendant:
"I disagree with that."
Counsel for the defendant addressing the plaintiff:
 "You asked for certain things in your complaint, certainly have a temporary agreement where certain things are being paid and so on. So I'm asking you what it is that you want."
Counsel for the plaintiff addressing the plaintiff:
"Do you wish to counsel or not?"
Plaintiff:
"Yes, I do."
Counsel for the plaintiff:
"I would like a break."
Counsel for the defendant:
 "There's not going to be a break, because I haven't asked the question again."
Counsel for the plaintiff:
 "Then withdraw the question and we'll move on." CT Page 10926
 "For the record, if I may, should the plaintiff _____"
Question by defendant's counsel:
 "Mrs. Thomson, is there anything unclear about my question?"
Answer: "No."
Question: "That's what I thought."
Answer: "No, I understood."
Defendant's counsel addressing plaintiff's counsel:
 "So the only reason for you to ask for a break is so you can feed her an answer."
Plaintiff's counsel:
"I disagree."
Defendant's counsel:
 "You disagree. Tell me the basis of your disagreement."
Plaintiff's counsel:
 "She may not understand the consequences of what she says or what the question is. She's entitled to understand the consequences of the question. I would not give her an answer."
Defendant's counsel addressing the plaintiff:
 "What is it that you don't understand about the question?"
Plaintiff:
"I didn't say I didn't understand the CT Page 10927 question."
Question: "Well, your lawyer says _____"
 Answer: "He says I may not understand the consequences of my answer."
 Question: "That's not the point. That's true of any question I ask you in a deposition, you may not understand the consequences."
 Answer: "True, but I think this is a very important factor."
 Question: "You're the one who brought the case, Mrs. Thomson?"
Answer: "Yes."
 Question: "So you don't have an answer to this question, you don't know what you want?"
Answer: "Yes, I do."
Question: "You do know what you want?"
Answer: "Yes."
Question: "Then tell me."
Answer: "I'd like to speak with Mark."
 Question: "That's not the point. Whatever you say isn't necessarily binding on you anyway; you can change your mind. I want to know what you want right now, whatever is in your mind now."
Plaintiff's counsel addressing defendant's counsel:
 "She's asked to speak with counsel. If you choose to withdraw the question and go on _____"
Defendant's counsel addressing plaintiff's counsel: CT Page 10928
"I'm not going to withdraw the question."
Plaintiff's counsel:
 "Then I'm going to ask for a break to allow her counsel."
Defendant's counsel:
 "I'm going to move for sanctions after this. I have a right to ask her this question."
Plaintiff's counsel:
 "She has the right to ask me something if she chooses."
Defendant's counsel:
"I don't agree with you."
Plaintiff's counsel:
"Fine."
Defendant's counsel addressing the plaintiff:
 "If you were on a witness stand, you would not have the ability to talk to your lawyer. You would have to answer the question. That's what a deposition is."
 Answer: "Right, but it's not the witness stand."
 Question: "Well, it is the witness stand. You're under oath, I get to ask you questions. He's waived objections except as to form. There's nothing wrong with this particular question, so all this is is interference."
Plaintiff's counsel addressing defendant's counsel: CT Page 10929
 "She has asked to speak with counsel. If you wish to withdraw the question, we may go on."
Defendant's counsel:
"I'm not withdrawing the question, . . . ."
Plaintiff's counsel:
 "Then she'll answer it after she speaks to me. It's your choice how you want to proceed."
Defendant's counsel:
 "I'll keep going and you won't answer the question, and then I will move for sanctions for your interference."
Plaintiff's counsel:
"Go ahead. I'm not interfering."
Defendant's counsel:
 "You were interfering. I've asked a bona fide question. You have not made any objection to the question and I have a right to the answer —
Plaintiff's counsel:
"I'm not —"
Defendant's counsel:
 "— without your interference, and that is what you're doing."
Plaintiff's counsel:
I'm not interfering."
Defendant's counsel addressing the plaintiff: CT Page 10930
 "Do you have an opinion as to the value of the real estate?"
Plaintiff:
"Yes."
Defendant's counsel:
"What is it?"
Defendant's counsel then continued the deposition inquiring on other subjects.
At issue are the provisions of § 247 of the Practice Book. Section 247(a) provides, in part, as follows:
 "Examination and cross-examination of deponents may proceed as permitted at trial." (Emphasis supplied.)
Section 247(b) of the Practice Book provides, in part, as follows:
 "All objections made at the time of the examination to the qualifications of the officer taking the deposition, or to the manner of taking it, or to the evidence presented, or to the conduct of any party, and any other objection to the proceedings, shall be noted by the officer upon the deposition. Evidence objected to shall be taken subject to the objection. (Emphasis supplied.)
Section 247(c) of the Practice Book provides, in part, as follows:
 "At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that an examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending may order the officer conducting the examination forthwith to cease taking the deposition, or CT Page 10931 may limit the scope and manner of the taking of the deposition as provided in Sec. 221."
As has been noted, it is contemplated by 247 of the Practice Book that depositions shall proceed with questions and answers "as permitted at trial," that "evidence objected to shall be taken subject to the objections" and that if there are objections as contemplated by Practice Book § 247(c), the parties and the deponent will proceed to the court in which the action is pending for an appropriate ruling.
The defendant has cited the case of Pavlinko v. Yale-NewHaven Hospital, 192 Conn. 138, 144 (1984) in his motion seeking sanctions. The Supreme Court therein has stated as follows:
 "Any party may be compelled by notice to give a deposition. Practice Book § 246. The giving of the notice prescribed by § 244, unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice and to submit to examination and cross-examination as permitted at trial. Practice Book § 247. All questions, including those objected to, are to be answered; Practice Book § 247(b); unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure of discovery. Practice Book § 221.
 In the event of a party's failure to answer any or all questions at a deposition the court may make such order as the ends of justice require. Practice Book § 231. Possible sanctions may include (1) the entry of a nonsuit or default; (2) an award of costs including attorney's fees; (3) an order that certain facts shall be taken as established; (4) an order that certain evidence shall be excluded; and (5) the entry of a judgment of dismissal. Factors to be considered in determining an appropriate sanction are (1) the cause of the deponent's failure to respond to the posed questions, that is, whether it is due to inability CT Page 10932 rather than the willfulness, bad faith or fault of the deponent; Societe Internationale Pour Participations Industrielles v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case; and (3) which of the available sanctions would, under the particular circumstances, be an appropriate response to the disobedient party's conduct.
Section 231 of the Practice Book deals with sanctions for failure to answer disclosure. It now provides, in part, as follows:
 "If any party has failed to answer interrogatories or to answer them fully, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production or for disclosure of the existence and contents of an insurance policy or the limits thereof, or has failed to submit to a physical or mental examination, or has failed to comply with a discovery order made pursuant to Sec. 230A, or has failed to comply with the provisions of Sec. 232, or has failed to appear and testify at a deposition duly noticed pursuant to this chapter, or has failed otherwise substantially to comply with any other discovery order made pursuant to Secs. 222, 226 and 229, the court may on motion, make such order as the ends of justice require." (Emphasis supplied.)
Prior to its amendment in October, 1982, this section of the Practice Book provided simply as follows: "In the event of a party's failure to answer any or all questions at a deposition the court may make such orders as the ends of justice require."
The decision of the court is further controlled by two recent Supreme Court decisions. The case of Beckenstein Enterprises, etal v. United Technologies Corp., Hamilton Standard Division, CT Page 10933 Superior Court at Hartford, docket number CV94 0534277, 12 Conn. L.Rptr. No. 8, 253 (September 19, 1994) (Hale, J.), in which Judge Hale has stated: "Thus Section 247b of the Practice Book provides for a third party [the court] to resolve these controversies in a manner which will not delay the deposition. All questions, even those objected to, are to be answered and the trial court will rule on the objections at trial." In the case ofRichard Goenne v. Aetna Life Casualty at Hartford, docket number CV94 0511006, 11 Conn. L. Rptr. No. 5, 149 (April 11, 1994) (Corradino, J.) Judge Corradino stated that plaintiff's counsel cannot, during the course of a deposition, break the terms of the stipulation that he made that all objections except those as to form were reserved to the time of trial and then "challenge lines of inquiry in a manner not contemplated by the rules. . . . The method chosen by the plaintiff to interrupt the deposition, if countenanced, would entirely disrupt deposition procedures. . . . If improper, bad faith or oppressive questions are asked during a deposition, the procedure is for counsel to immediately contact a Superior Court judge for a ruling." Cf. Westport National Bank v.Wood, 31 Conn. Sup. 266 (1974).
It is clear, therefore, based upon all of the foregoing, that plaintiff's counsel should not have interrupted the course of the disposition and rather should have advised his client to answer the question posed by defendant's counsel.
Before considering the appropriate sanctions, the court must consider plaintiff's counsel's position. It was his claim at oral argument that plaintiff has a constitutional right to counsel and a constitutional right to consult counsel. The right to effective assistance of counsel is guaranteed to a defendant in criminal proceedings as provided by articles sixth and fourteenth of the Amendments to the United States Constitution. The same is true under Article First, § 8 of the Connecticut Constitution as amended by Article XVII. No such right is guaranteed to either party in a civil proceeding. Winters v. Winters, 6 Conn. App. 83 (1986).
Plaintiff's counsel has also claimed in his argument that defendant's counsel engaged in dramatics and hysteria in presenting his position on the issue of plaintiff's answer to the question posed. This is not evident from the transcript of testimony; however, plaintiff's counsel claims it was evident from defendant's counsel intonation of voice and histrionics. If this were true, counsel are reminded of the following Principles ofProfessionalism adopted by the Connecticut Bar Association House CT Page 10934 of Delegates on June 6, 1994:
 As a lawyer, I must strive to make our system of justice work fairly and efficiently. In order to carry out that responsibility, not only will I comply with the letter and spirit of the disciplinary standards applicable to lawyers, but I will also conduct myself in accordance with the following Principles of Professionalism when dealing with my clients, opposing parties, their counsel, the courts and the general public.
 Civility and courtesy are the hallmarks of professionalism and should not be equated with weakness;
 I will endeavor to be courteous and civil both in oral and written communications; . . . .
 . . . In depositions and other proceedings, and in negotiations, I will conduct myself with dignity, avoid making groundless objections and refrain from engaging in acts of rudeness or disrespect; . . . ."
Counsel should also be guided by the following from Bounds ofAdvocacy, published by the American Academy of Matrimonial Lawyers, 1991. "Section 3.1. An attorney should strive to lower the emotional level of marital disputes by treating the opposing party and counsel with respect." Cf. Monroe v. Monroe, 177 Conn. 173,182 (1979); Billington v. Billington, 220 Conn. 212, 218
(1991); Grayson v. Grayson, 4 Conn. App. 275, 286 (1985).
The motion for sanctions is granted. The plaintiff is ordered to pay the defendant the attendance fee of the court reporter for the continuation of the plaintiff's deposition and attorney's fees in the amount of Two Hundred and Fifty ($250) Dollars, the attorney's fees to be paid within thirty (30) days of this date and the attendance fee of the court reporter after that fee has been incurred.
EDGAR W. BASSICK, III, JUDGE CT Page 10935