[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO PRESENT ADDITIONAL EVIDENCE
By motion dated October 21, 1997 and amended January 31, 1998, the plaintiff moves to present additional evidence under General Statutes § 4-183 (h). The motion was heard at the final hearing on the appeal on the merits. The plaintiff requests that "if the court does not grant relief to the Plaintiff on jurisdictional and/or constitutional grounds raised in Plaintiff's appeal and/or if this case is remanded for lack of substantial evidence," this motion should be granted. In its memorandum of decision on the appeal filed on this day, the court denies the relief sought by the plaintiff on jurisdictional and constitutional grounds.
The plaintiff requests the opportunity to present to the department the following:
1. evidence that Tschauder testified falsely;
 2. evidence that the testimony of the witnesses from Shelton Lakes was unreliable;
 3. evidence that Tschauder's medical and mental condition made her testimony unreliable.
This appeal is governed by the Uniform Administrative Procedure Act (UAPA), General Statutes §§ 4-166 through 4-189. Strict compliance with these statutory provisions is required. See Tarnopol v. Connecticut Siting Council, 212 Conn. 157, 163-164
(1989). Under General Statutes § 4-183 (h) the legislature has provided a procedure for returning the case to the agency prior to final judgment. That provision reads, CT Page 3023
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
Before ordering that the department take further evidence, this court must determine 1) that the additional evidence is materialand 2) that there were good reasons for the failure to present the evidence in the department's original proceeding.
There is little question that most of the proposed evidence is material to the issues in dispute. There must be a good reason for the plaintiff not to have presented it before the department. She argues that she failed to present it because it is newly discovered and because she had ineffective assistance of counsel before the department. There is nothing in the plaintiff's motion to show that the evidence could not have been presented to the department at the proceeding. While she claims that her lawyer is to blame for not presenting this evidence, the court cannot find that as a matter of law ineffective assistance of counsel before an administrative agency constitutes a good reason under General Statutes § 4-183 (h). There is no right to effective assistance of counsel in a civil proceeding. Brandon v. StateDept. of Human Resources, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 920519272, (March 26, 1993) (8 CONN. L. RPTR. 533) (8 CSCR 422), aff'd, 37 Conn. App. 903
(1995) (per curiam); Winters v. Winters, 6 Conn. App. 83,84 (1986).
As to the proffered affidavit of Dolores Brown, dated March 10, 1997, concerning her employment at Shelton Lakes which ended July 1995, the court finds that in light of the passage of time this proffered evidence is not material. The affidavit was written almost four years after the incident. The affidavit does not indicate when the affiant began her employment at Shelton Lakes. The affiant simply avers that it was subsequent to the plaintiff's employment there. The plaintiff has not shown that CT Page 3024 this evidence was not available to her at the time of the hearing before the department.
For these reasons the motion is denied.
DiPENTIMA, J.